UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br>    SHERI SPEER<br>    *Debtor.* | Case No. 14-21007 (AMN)<br>Chapter 7 |
|     SEAPORT CAPITAL PARTNERS, LLC<br>    *Plaintiff*<br>v.<br>    SHERI SPEER<br>    *Defendant* | Adv. Pro. No. 15-2031 (AMN) |

**MEMORANDUM OF DECISION DENYING**
**CHAPTER 7 DISCHARGE TO DEBTOR SHERI SPEER**

A trial to consider plaintiff Seaport Capital Partners, LLC's ("Seaport") complaint challenging defendant Sheri Speer's right to a discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(2)(B), 727(a)(4) and 727(a)(5) was held on April 30, 2018, May 7, 2018, May 11, 2018 and May 14, 2018. For the reasons stated on the record during a hearing on May 14, 2018, and for the reasons stated below, the court will enter judgment in favor of the plaintiff, Seaport, as to Counts 1, 2 and 3 of the complaint. AP-ECF No. 1.[1] The court's findings of fact and conclusions of law required by Fed.R.Bankr.P. 7052 and Fed.R.Civ.P. 52 are contained in the record of the hearing as well as this Memorandum of Decision.[2]

---

[1] Citations to the docket of this adversary proceeding are noted by "AP-ECF No." Citations to the docket of the underlying chapter 7 case, *In re Speer*, Case No. 14-21007 (the "Main Case"), are noted by "ECF No."

[2] As noted on the record of the May 14, 2018 hearing oral ruling, the court adopted in part the proposed findings of fact and conclusions of law filed by Seaport. AP-ECF No. 512.

1

The trial dates for this adversary proceeding were announced months in advance.[3] AP-ECF No. 566. The court made well known to the parties that no continuances or delays would be allowed in this three year old adversary proceeding. That a trial was being held at all was not a foregone conclusion. A trial had been scheduled for October 23 and 24, 2017, but did not go forward. *See* AP-ECF No. 444. Seaport moved for a default judgment under Fed.R.Bank.P. 7037 in response to Ms. Speer's continued obstruction of Seaport's discovery efforts and flagrant violation of various court orders. AP-ECF No. 450. Before the court entered a ruling on Seaport's motion for default, Ms. Speer participated in a court hearing (after a period of 18 months or more when she refused to appear) and indicated she would be willing to comply with discovery. Because the court preferred to enter a ruling on the adversary proceeding complaint on the merits, rather than entering a default judgment, the court laid out a schedule for Ms. Speer to appear and be deposed in a conference room adjacent to the courtroom. Once the deposition was completed, the present trial schedule was established with the consent of both parties as to the trial days.

During the trial, plaintiff Seaport presented testimony by Thomas C. Boscarino, the Chapter 7 Trustee for Ms. Speer during the period November 2014 through January 5, 2015, and then April 23, 2015 through the present.[4] Ms. Speer cross-examined Mr. Boscarino. Mr. Boscarino testified about the information he requested from Ms. Speer, the information and funds he received from Ms. Speer in the course of his administration of the Main Case, and Ms. Speer's attendance at an incomplete meeting

---

[3]  Familiarity with the docket of this Adversary Proceeding, is assumed. See, AP-ECF No. 529, 535, 540, 548, 566, 624, 631.

[4]  Mr. Boscarino's break in service as chapter 7 trustee resulted from the case being converted from one under chapter 7 to chapter 11, and re-converted from chapter 11, back to chapter 7, at which time Mr. Boscarino was re-appointed the chapter 7 trustee. ECF No. 223, 297, 306, 457, 515.

of creditors pursuant to 11 U.S.C. § 341.  Mr. Boscarino also testified that he had learned from others about an insurance proceeds check totaling approximately $69,000 that Ms. Speer received and deposited into a bank account in December 2014 – while she was a chapter 7 debtor.  Pl. Ex. 165.  Among other things, Mr. Boscarino testified that Ms. Speer did not disclose the existence of the insurance check to him, her bankruptcy schedules did not disclose the insurance check, and he had no accounting from Ms. Speer of what had happened to the $69,000 of insurance proceeds.

Seaport also presented testimony from Ms. Speer, commencing on April 30, 2018, and continued to May 7, 2018.[5]  Seaport's examination of Ms. Speer's testimony did not conclude on May 7, and she was to continue under direct examination on May 11, 2018.  However, that morning Ms. Speer emailed the Clerk's Office a message stating that her vehicle did not work and she requested a continuance.  AP-ECF No. 630.[6]  The Court granted the continuance and entered the following Scheduling Order:

> SCHEDULING ORDER: Familiarity is assumed with the trial schedule in this adversary proceeding and with ECF No. 630, an email exchange between defendant Sheri Speer and the Clerk's Office. The Court grants the request to continue the trial -- giving the pro se defendant the benefit of the doubt in this instance due to her numerous, recent appearances before the court -- and therefore, it is hereby
> ORDERED, that, the trial on the amended complaint of Seaport Capital Partners, LLC, is continued to May 14, 2018 at 10:00 a.m.; and it is further
> ORDERED, that, if Ms. Speer does not timely appear for the continued trial on Monday May 14, 2018 at 10:00 a.m., the court will consider her non-appearance as a failure to contest the allegations in the plaintiff's amended complaint and may enter a judgment denying defendant Sheri Speer a discharge in her Chapter 7 bankruptcy case; and it is further
> ORDERED, that, the Clerk shall send this Order to Sheri Speer at her address of record by Federal Express. Signed by Judge Ann M. Nevins on May 11, 2018. (Rodriguez, Gretchen, Entered: 05/11/2018)
> AP-ECF No. 631.

---

[5]  Ms. Speer testified as an adverse witness.  See, Fed.R.Evid. 611(c).
[6]  On May 15, 2018, the day after the court announced a decision, the Clerk's office docketed Ms. Speer's motion for a continuance, AP-ECF No. 637, seeking a two week continuance.  That motion apparently was mailed to the Clerk's Office and was denied as moot.

On May 14, 2018, the final day the court had scheduled for the trial (see AP-ECF No. 624), Ms. Speer again emailed the Clerk's Office indicating that she was unable to attend the trial due to transportation reasons.  The court construed the email as a motion to continue the trial again, and denied it on the record.

Seaport's four count complaint sought to deny Ms. Speer a chapter 7 discharge under 11 U.S.C. § 727(a)(2)(A), Count One; § 727(a)(2)(B), Count Two; § 727(a)(5), Count Three; and § 727(a)(4), Count Four.  In pertinent part, § 727(a) provides the court shall grant a debtor a discharge unless

> (2)  the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
>   (A)  property of the debtor, within one year before the date of the filing of the petition; or
>   (B)  property of the estate, after the date of the filing of the petition;
> …
>
> (4) the debtor knowingly and fraudulently, in or in connection with the case—
>   (A)  made a false oath or account;
>   (B)  presented or used a false claim;
>   (C)  gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
>   (D)  withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;
>
> …
> (5)  the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities; ….

Ms. Speer's testimony on May 7, 2018, included the admission that she ceased using bank accounts both personally and for her various real estate businesses in 2012, because the bank cancelled or closed the account and she was unable to open another account.  According to Ms. Speer, from at least 2012 to the present, she has collected rent from many of her tenants in cash, and then carried the cash rental payments with her at all times.  She testified she is still collecting rental income from two properties, and that her current tenants drop off cash at her home, and she carries the cash with her at all times.  Due to her all-cash transactions, Ms. Speer testified she has few or no records regarding her rental income for 2013 or 2014.

The court does not credit Ms. Speer's testimony as to the reason that she did not use a bank account for rental income due to the numerous inconsistencies in Ms. Speer's own account of her financial affairs.  Ms. Speer testified that she holds licenses as a real estate agent and a real estate broker, and that she is experienced in real estate matters having secured more than two dozen mortgages prior to 2010.  Against this backdrop, the contention that Ms. Speer was flummoxed by one bank closing her account and was then unable – for a period of approximately 6 years – to figure out how to open another bank account is not credible.  Moreover, Ms. Speer also admitted she was able to open bank accounts for limited liability companies she owned or managed during the time she was not using a personal bank account, undermining her claim that she was unable to engage in banking relationships.[7]

Additionally, Seaport presented evidence that Ms. Speer owned an interest in no fewer than thirteen limited liability companies, or LLCs, and failed to disclose her

---

[7] Additionally, in the brief period of time the Main Case was in chapter 11, Ms. Speer opened a "Debtor in Possession" account at People's United Bank, further undermining her contention that she was unable to open a bank account.  ECF No. 470.

5

interest in those LLCs on her bankruptcy schedules.[8] Pl. Ex. 171. While Ms. Speer eventually answered some of the Chapter 7 Trustee's questions about the LLCs, Ms. Speer's failure to disclose her interest in those LLCs or to provide documentation regarding the LLCs to the Chapter 7 Trustee supports the court's conclusion that she intended to and did conceal information, assets, documents and records from creditors and from the Chapter 7 Trustee.

The court concludes that Ms. Speer failed to maintain bank accounts, collected rent largely if not exclusively in cash, and opened accounts in other names to conceal her finances. Further, the court concludes that Ms. Speer's actions during the bankruptcy case including her repeated and strenuous efforts to oppose discovery sought from her and from others including financial institutions were undertaken with the "intent to hinder, delay, or defraud a creditor or an officer of the estate" to disguise and "conceal" rental proceeds.

The court finds that Ms. Speer's testimony as to why she cannot file her tax returns for the years immediately prior to the Petition Date for tax years 2013 and 2014 to be unpersuasive and evasive.[9] Ms. Speer testified she has been unable to file her tax returns for the year 2013 and later. Tax return information for 2011 and 2012 shows rental receipts of more than $200,000 each year, and expenses of $400,000 each year. See, Pl. Ex. 168, Exhibits 5 and 13. Ms. Speer also could not explain how she was able to sustain expenses of approximately $400,000 with rental income of only $200,000

---

[8] Seaport's evidence on this point consisted in part of a "Request for Admissions" served on Ms. Speer on December 15, 2016, to which Seaport received no response. Pl. Ex. 171; AP-ECF No. 638. By operation of Fed.R.Civ.P. 36 and Fed.R.Bankr.P. 7036, the allegations contained in the Request for Admissions become "admitted" by Ms. Speer, and "conclusively established." Fed.R.Civ.P. 36(a)(3); 36(b).
[9] The involuntary petition against Ms. Speer was filed May 20, 2014 (the "Petition Date"). 11 U.S.C. § 727(a)(2)(A) provides a one year look back period, from the petition date.

each year for 2011 and 2012. The court further concludes that Ms. Speer's failure to file income tax returns is, along with her practice of operating largely in cash, part and parcel of a pattern of conduct by Ms. Speer to hinder, delay, and defraud creditors, and conceal property of the estate within one year of the Petition Date, and after the Petition Date, pursuant to 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(2)(B).

In sum, for the reasons placed on the record of the May 11, 2018 hearing, and as amplified here, the court concludes that Seaport has established by a preponderance of the evidence, that in the period one year prior to, and in the period after, the Petition Date, Ms. Speer acted with the intent "intent to hinder, delay, or defraud a creditor or an officer of the estate" to disguise and "conceal[]" rental proceeds, such that the court concludes Ms. Speer's discharge should be denied under both 11 U.S.C. §§ 727(a)(2)(A) and (a)(2)(B). *See generally, Katz v. Deedon (In re Deedon)*, 419 B.R. 1, 5-7 (Bankr. D. Conn. 2009).

Turning to the plaintiff's allegations pursuant to § 727(a)(5), "[t]he initial burden of going forward is on the objector, who must introduce more than merely an allegation that the debtor has failed to explain losses." 6 Collier on Bankruptcy § 727.08. Based on the trial record, the court concludes that Seaport established by a preponderance of the evidence that significant assets were lost, including those evidenced by the 2011 and 2012 tax returns, the insurance proceeds Ms. Speer received in December 2014 but failed to disclose to the Chapter 7 Trustee, and cash rent Ms. Speer collected from tenants since 2012. Having established "the disappearance of substantial assets, the burden shifts to the debtor to satisfactorily explain the loss or deficiency." *Casa Investment Co. v. Brenes (In re Brenes)*, 261 B.R. 322, 337 (Bankr. D. Conn. 2001). Although "[a] satisfactory explanation has not been definitively defined, [] the debtor

7

probably must explain the losses or deficiencies in such manner as to convince the court of good faith and businesslike conduct." 6 Collier on Bankruptcy, ¶ 727.08. "[T]o defeat this § 727(a)(5) objection, the Debtor [must] provide more than vague and unsupported indefinite explanations of losses." *Lisa Ng v. Adler (in re Adler)*, 494 B.R. 43, 74 (Bankr. E.D.N.Y. 2013). Ms. Speer failed to proffer any credible explanation for the loss of assets leading to her insolvency, or her financial situation generally. The court notes Ms. Speer testified that after 2012 she did not keep business records regarding her many rental units such as a ledger reflecting rent paid or owed. While Ms. Speer consistently referenced the financial crisis of 2008, her lack of record keeping during and after 2012 undermines this generic explanation of her financial difficulties. The court does not find the explanations given for the lack of financial records after 2012 to be credible. Ms. Speer simply failed to explain satisfactorily her loss of assets or deficiency of assets. Consequently, the court will deny Ms. Speer a discharge pursuant to 11 U.S.C. § 727(a)(5).

Accordingly, it is hereby

ORDERED, that, for the reasons stated, judgment shall enter in favor of plaintiff on Counts One, Two and Three of the complaint; and it is further

ORDERED, that, Count Four of the complaint shall be dismissed.

Dated on May 17, 2018, at New Haven, Connecticut.



Ann M. Nevins
United States Bankruptcy Judge
District of Connecticut