UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

_____

|  |  |  |
|---|---|---|
| In re: | : | Case No.:  14-21007 (AMN) |
| SHERI SPEER | : | Chapter 7 |
| *Debtor* | : | |
| | : | |
| | : | |
| SEAPORT CAPITAL PARTNERS, LLC | : | Adv. Pro. No. 15-2031 (AMN) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| SHERI SPEER, | : | |
| *Defendant* | : | |
| | : | |
| SEAPORT CAPITAL PARTNERS, LLC | : | |
| *Movant* | : | |
| | : | |
| v. | : | |
| | : | |
| VINCENT FAZZONE, ESQ. | : | |
| *Respondent* | : | AP ECF Nos. 305, 680 |

MEMORANDUM OF DECISION FINDING CAUSE TO IMPOSE SANCTION
AND IMPOSING MONETARY SANCTION AGAINST WITNESS'S ATTORNEY

*Appearances*

| | |
|---|---|
| Donna R. Skaats, Esq. | *Counsel for Movant,* |
| 210 West Town Street, 2nd Floor | *Seaport Capital Partners, LLC* |
| Norwich, CT 06360 | |
| | |
| William E. McCoy, Esq. | *Counsel for Respondent,* |
| Heller, Heller & McCoy | *Attorney Vincent Fazzone, Esq.* |
| 736 Norwich-New London Turnpike | |
| Uncasville, CT 06382 | |
| | |
| Vincent Fazzone, Esq. | *Respondent* |
| P.O. Box 223 | |
| Norwich, CT 06360 | |

## I.    <u>INTRODUCTION</u>

A series of unfortunate events led to this point, where I must now decide whether an attorney's conduct improperly impeded the plaintiff's efforts to depose a non-party witness, Elissa Speer ("E. Speer").  The main purpose of this adversary proceeding was resolved by a final, non-appealable order that deprived Sheri Speer of her bankruptcy discharge.  AP-ECF No. 641.  The needlessly difficult road to that decision included the dispute that is the center of this decision:  Attorney Vincent Fazzone's ("Attorney Fazzone" or "witness's counsel") conduct during his representation of E. Speer in her role as a non-party witness.  This Memorandum of Decision sets forth my reasoning regarding the Order I entered on March 31, 2020, which imposed a monetary sanction on Attorney Fazzone.  AP-ECF No. 680.  The imposition of the monetary sanction remains subject to my further review regarding Attorney Fazzone's ability to pay should he file a motion seeking such review.  However, the Order's conclusion there is cause to enter a sanction is a final decision, subject to traditional rights of appeal.

According to plaintiff Seaport Capital Partners ("Seaport"), Attorney Fazzone impeded and frustrated its attempts to depose E. Speer as part of its discovery effort here, causing harm in the form of additional attorney's fees and costs.  Seaport's pending motion seeks an award of $20,800 for attorney's fees and $ 382.89 for costs, as a sanction against Attorney Fazzone pursuant to Fed.R.Civ.P. 30(d)(2), Fed.R.Bankr.P. 7002, 7037, and 9020, and 11 U.S.C. § 105(a).

For the reasons that follow, Seaport's motion seeking the imposition of a sanction against Attorney Fazzone will be granted in part, pursuant to both Fed.R.Civ.P. 30(d)(2), applicable here pursuant to Fed.R.Bankr.P. 7030, and, the court's inherent authority to enter a sanction against an attorney for conduct related to matters pending before it.

2

## II.    JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).  The Bankruptcy Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. § 157(a) and the Order of Reference of the District Court dated September 21, 1984.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  This court has the statutory authority and jurisdiction over core proceedings pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 to hear and enter a final order in this matter subject to traditional appeal rights.  This memorandum opinion shall serve as the court's findings of facts and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## III.    RELEVANT PROCEDURAL HISTORY AND BACKGROUND[1]

On May 29, 2015, Seaport initiated this adversary proceeding challenging Sheri Speer's right to a discharge pursuant to several subsections of 11 U.S.C. § 727(a).  Later, Seaport served a subpoena *duces tecum* on non-party witness E. Speer (Sheri Speer's mother) requiring she appear to be deposed on February 18, 2016.  AP-ECF No. 145. When E. Speer failed to appear, Seaport moved to compel both her attendance at a deposition and compliance with document production. AP-ECF No. 145.  During a June 22, 2016 hearing on Seaport's motion to compel, counsel for Seaport appeared and represented that he (Attorney Patrick Boatman) and witness's counsel – who did not appear at the hearing though he was alleged to be in the process of filing an appearance on behalf of E. Speer[2] –had agreed that E. Speer would appear and be deposed on July

---

[1]    Familiarity with the lengthy procedural history of Sheri Speer's litigation with Seaport is assumed and this section attempts to present only facts most relevant to the dispute between Seaport and Attorney Fazzone.

[2]    Approximately two weeks later, on July 8, 2016, the court granted Attorney Fazzone's motion to appear *pro hac vice* on behalf of E. Speer.  *See*, AP-ECF Nos. 163, 167.

3

14, 2016, at the law office of Donna R. Skaats,[3] another attorney representing Seaport. AP-ECF No. 154 at 00:15:30-00:15:56.[4]   The court granted the motion to compel and entered an order requiring E. Speer to appear for a deposition on July 14, 2016 ("July 14th Deposition"), consistent with the reported agreement with witness's counsel (the "July Compliance Order").   AP-ECF No. 156.   During a July 13, 2016 hearing regarding a motion to quash a subpoena directed to People's Bank, witness's counsel appeared and represented to the court that E. Speer would appear the next day, on July 14, 2016, as ordered.   AP-ECF No. 177 at 01:39:30 to 01:40:43.   It is undisputed that E. Speer did not appear for the July 14th Deposition.

Following E. Speer's failure to appear for the July 14th Deposition, Seaport filed a motion seeking sanctions against her including the entry of a civil bench warrant – or *capias* – directing the United States Marshal Service to apprehend E. Speer and produce her for a deposition, as well as reasonable attorney's fees incurred in its effort to ensure compliance with the subpoena and the July Compliance Order (the "Sanctions Motion Against E. Speer").   AP-ECF No. 186.   On August 4, 2016, witness's counsel objected claiming E. Speer had a medical condition that excused her failure to appear for the July 14th Deposition and precluded the imposition of sanctions. AP-ECF No. 202.   In particular, witness's counsel described E. Speer as "a frail 65 year old senior citizen," and represented he would be submitting an affidavit along with medical records during any hearing regarding the Sanction Motion Against E. Speer.   AP-ECF No. 202, p. 2.   The initial hearing on the Sanctions Motion Against E. Speer – the first of several – was held

---

[3]     Attorney Skaats filed the motion decided here.
[4]     The court reviewed the audio file of the hearings using VLC Media Player.  All citations to the audio file of a hearing are to the ECF number of the recording and then to the location of the cited testimony as follows: AP-ECF No. ___ at hours:minutes:seconds.

on August 16, 2016.

### *August 16, 2016 Hearing*

During the August 16, 2016 hearing, Attorney Fazzone proffered medical records to support the theory that E. Speer had a legitimate medical reason for failing to appear for the deposition on July 14th after he had assured Seaport and the court on July 13th that she would appear.  Witness's counsel failed to have either the promised affidavit or a witness available to testify as to the authenticity of any medical record.[5]  E. Speer did not attend the August 16, 2016 hearing.  Witness's counsel demonstrated a lack of familiarity with the Federal Rules of Evidence and the requirements for admitting a document into evidence.

Court:      How is that document admissible under the Federal Rules of Evidence? Is it a self-authenticating document?

Fazzone:   I would say with a doctor's signature your honor and that given the fact the letterhead, I would say it is.

Court:      I think a public record might be self-authenticating, but I don't think a doctor's letter is a public record like that.

Fazzone:   It's used in the normal course of business, its more than likely, I can't say, but she probably used it on numerous occasions, your honor.  I would have to look and see what's required to avoid the sanctions with your honor and with the rules of federal procedure.

AP-ECF No. 211 at 00:17:08 – 00:18:12.

When questioned about why he failed to seek modification of or relief from the July Compliance Order when it became clear his client was unable to attend the July 14th Deposition, witness's counsel explained he had only learned that morning that his client

---

[5]      Seaport's counsel objected to the admission of the medical records on hearsay grounds.

would not attend.[6]

Disconcertingly, while being asked about his preparation in advance of the August 16, 2016 hearing, Attorney Fazzone acknowledged he had failed to speak with E. Speer – the person then facing sanctions.

Court:        When was the last time you spoke to Elissa Speer?

Fazzone:    Well, its … I believe the morning of

Court:        The morning of July 14?

Fazzone:    Yes, and she said she was very ill and could not attend.

Court:        And did you speak to her between July 14 and today [August 16, 2016]?

Fazzone:    I did not speak to her personally. I spoke to the paralegal who got in touch with her, but she apparently hasn't been feeling well.[7]

Court:        So you haven't spoken to your client about today's hearing?

Fazzone:    No.

Court:        Does she know about today's hearing?

Fazzone:    Yes.

Court:        How do you know that?

Fazzone:    I have other members in my office and they … there is a paralegal that does represent …he is a member of the office so I didn't see there was anything really wrong checking to see if she was going to feel fit or medically fit to attend. She said the documentation speaks for itself and that was relayed through a member of my office that she was not able to attend.

---

[6]        It is undisputed that Attorney Fazzone emailed Seaport's counsel the morning of July 14, 2016 indicating that for unspecified medical reasons, E. Speer would not attend the deposition. *See*, AP-ECF No. 186, p. 12, Ex. E.

[7]        Attorney Fazzone later revealed that the paralegal he referred to – Frank Lira – was not hired or employed by Attorney Fazzone, and resided in Florida. Mr. Lira was allegedly employed by Sheri Speer (who is not a lawyer). The only other person assisting Attorney Fazzone during this time was his ex-wife Holly, who assisted him on an informal basis and never worked on any bankruptcy matters. See, AP-ECF No. 473, p. 122-124, p. 146, L. 12-18.

AP-ECF No. 211 at 00:13:45 – 00:14:55.

After failing to consult with his client prior to the hearing and after waiving the opportunity offered by the court to contact his client during the hearing, witness's counsel then agreed during the August 16, 2016 hearing that E. Speer would attend a deposition on September 7, 2016 ("September 7th Deposition").  AP-ECF No. 211 at 00:22:56 – 00:23:12; 00:43:20 – 00:44:43.  Despite counsel's assurances about the September 7th date, the court provided Attorney Fazzone with additional time to consult with E. Speer about the date.  To clarify the record on this point, the court ordered him to file:

(1) On or before August 17, 2016, a statement regarding E. Speer's availability for the September 7th Deposition; and

(2) On or before August 23, 2016, any admissible evidence, including affidavits attesting to medical records evidencing a basis for E. Speer's failure to appear at the July 14th Deposition.

AP-ECF No. 211 at 00:39:00 – 00:46:40.[8]

No statement was filed on August 17, 2016.  Belatedly, on August 23, 2016, witness's counsel filed a statement asserting he was unable – after making four (4) attempts – to reach E. Speer to inform her of the commitment he had made for her to appear for the September 7th Deposition.  AP-ECF No. 217.  Also, rather than filing admissible evidence such as an affidavit as the court directed, Attorney Fazzone filed a two-page motion entitled "motion for leave to seal medical records."  AP-ECF No. 216. The motion was deficient in several ways including, that it: 1) failed to comply with D.Conn.L.Civ.R. 5(e)[9]; 2) failed to describe with any particularity what medical records

---

[8]    The court noted if Attorney Fazzone sought to seal any evidence including medical records, he should file the appropriate motion pursuant to D.Conn.L.Civ.R. 5(e).  AP-ECF No. 211 at 00:46:40 – 00:47:24.

[9]    In particular, Attorney Fazzone failed to specify which subsection of D.Conn.L.Civ.R. 5(e) he was proceeding under and failed to comply with the requirements under the various subsections which require a motion to either include a redacted version of each document sought to be sealed or to provide the court

7

were sought to be sealed; and, 3) failed to explain on what basis the medical records were admissible. AP-ECF No. 216.

Thereafter, on September 6, 2016, witness's counsel filed an updated statement indicating E. Speer would not appear for the September 7th Deposition due to extreme pain and being unable to sit for long periods of time ("September 6th Statement"). AP-ECF No. 223. The September 6th Statement further indicated certified medical records would be provided after the court granted the "motion for leave to seal medical records." AP-ECF No. 223. In response to these filings, the court scheduled a status conference for September 7, 2016.

### *September 7, 2016 Status Conference*

During the September 7, 2016 status conference, witness's counsel acknowledged he failed to seek an extension of either the August 17th or August 23rd deadlines after he was unable to reach E. Speer. AP-ECF No. 227 at 00:03:37 – 00:03:42. Additionally, witness's counsel admitted that he had not met with his client since the last hearing but had spoken with her telephonically on September 6, 2016. AP-ECF No. 227 at 00:03:37 – 00:03:42; 00:07:11 – 00:07:20; 00:07:59 – 00:08:30. E. Speer did not attend the September 7, 2016 status conference.

Like his failure during the August 16, 2016 hearing to appreciate the requirements of the Federal Rules of Evidence, witness's counsel demonstrated a lack of understanding regarding the requirements for sealing documents pursuant to the Local Civil Rules of the United States District Court for the District of Connecticut.

Court:     Let me ask you, Attorney Fazzone, have you submitted these documents for review, for *in camera* review, pursuant to Local Rule

---

the documents sought to be sealed for *in camera* consideration. Additionally, Attorney Fazzone failed to provide all counsel of record copies of the documents sought to be sealed. *See,* AP-ECF Nos. 218; 227 at 00:05:22 – 00:05:55; 00:14:53 – 00:15:33.

5 of the Federal Court?

Fazzone:    I would have, honestly, that would be something I left up to my paralegal and I am not sure if he has or has not and I would have to check and I know that is my responsibility but I am not certain if he has copies of these or not.

Court:    I am sorry, you are counsel for Elissa Speer correct?

Fazzone:    Yes.

AP-ECF No. 227 at 00:04:17 – 00:04:53.

The court directed witness's counsel to review D.Conn.L.Civ.R. 5(e) and, by September 12, 2016, to supplement his motion and cure its lack of compliance. AP-ECF No. 227 at 00:15:33 – 00:17:15. The court scheduled a hearing for September 15, 2016 to consider: (1) Attorney Fazzone's motion to seal, (2) the Sanction Motion Against E. Speer, including the issuance of a *capias*, and (3) whether any of E. Speer's medical records excused her attendance at the July 14th Deposition.

Following the September 7, 2016 status conference, witness's counsel filed a document entitled: "Supplemental Motion to Seal Medical Records with Request for In Camera Review." AP-ECF No. 230. But like witness's counsel's original motion to seal, his supplemental motion failed to comply with D.Conn.L.Civ.R. 5(e) and the court's direction on September 7, 2016 to provide Seaport's counsel with copies of the underlying medical records.

### *September 15, 2016 Hearing*

During the September 15, 2016 hearing – which E. Speer did not attend – Attorney Fazzone was utterly unprepared to address the Sanction Motion Against E. Speer.[10] In

---

[10]    Throughout the hearing, Attorney Fazzone demonstrated a lack of familiarity with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, including a lack of understanding about how to present evidence for the court's consideration. Also, like the September 7, 2016 status conference,

particular, witness's counsel:

- Failed to present or offer medical records evidencing a basis for why E. Speer could not attend the July 14th Deposition, AP-ECF No. 234 at 00:21:21 – 00:30:54;

- Failed to bring a witness to authenticate medical records[11] – which were not self-authenticating – that he sought to admit as evidence to support the claim that E. Speer could not appear for the September 7th Deposition, AP-ECF No. 234 at 00:21:21 – 00:29:39; and

- Failed to provide copies of the unredacted medical records to Seaport's counsel pursuant to D.Conn.L.Civ.R. 5(e).  AP-ECF No. 234 at 00:02:34 – 00:03:48.

When questioned whether he intended to offer admissible evidence demonstrating why E. Speer could not attend the July 14th Deposition, witness's counsel expressed confusion over the evidentiary record of the case and sought a continuance.

| | |
|---|---|
| Fazzone: | Your Honor, in the past we have had continuances regarding this matter, whether or not Elissa Speer is going to attend, and those continuances have been based upon on medical documentation that I have supplied to this court and they have - |
| Court: | You've only – I want to be very clear sir, you keep referencing medical information you have supplied to the court.  The only thing that you have supplied to the court are the two pages that I am now holding that you have supplied for *in camera* review in connection to your motion to seal.  If you think that the court has other medical information about Elissa Speer, you are mistaken.  There is no other evidence, any medical evidence, that you have submitted. |
| Fazzone: | Right, I would like to have time to review the rules of procedure, Your Honor, to see if we can ask for a continuance, if that's the case so that we can present this very important information to the court.  I do not think that is too much to ask |
| Court: | To give you time to review - |
| Fazzone: | Yeah, to get additional, if Your Honor's asking for additional medical |
| Court: | You want to review the Rules of Civil Procedure? |

Attorney Fazzone admitted he had not met with his client in person, but had only spoken telephonically with her. AP-ECF No. 234 at 00:19:00-00:19:35.

11    The court conducted an *in camera* review of three (3) pages of medical records and sealed two (2) of the three (3) pages.  These records were not authenticated or admitted as evidence.  AP-ECF No. 234 at 00:02:34 – 00:18:00.  AP-ECF No. 235.

| | |
|---|---|
| Fazzone: | No, I want to be able to see if that is accurate that I think we could request another continuance so that we can get the proper – to protect my client's interest – to get the proper medical documentation. |
| Court: | Well the hearing is today, the hearing is right now.  Are you requesting a continuance? |
| Fazzone: | Yes, I am. |
| Court: | The request is denied. It was very clear the hearing was today. |

AP-ECF No. 234 at 00:37:03 – 00:38:58.

Upon witness's counsel's failure to offer admissible evidence in defense of the Sanction Motion Against E. Speer, the court issued an Order directing E. Speer to personally appear on October 11, 2016 and show cause why she should not be held in civil contempt for failing to comply with the July Compliance Order ("September Order to Show Cause").  AP-ECF No. 236.  The September Order to Show Cause also directed E. Speer to appear for a deposition to be held in a conference room adjacent to the courtroom immediately following the October 11th hearing, and warned her that failure to appear would result in the issuance of a *capias*.  AP-ECF No. 236.  The court set a deadline for Seaport's counsel to file affidavits of attorney's fees detailing costs incurred relating to Seaport's attempts to depose E. Speer through the date of the September 15, 2016 hearing.

### *October 11, 2016 Hearing*

A few days before the October 11th hearing, on October 7, 2016, witness's counsel filed three documents: (1) a one-page document entitled "Response to the Order to Show Cause", AP-ECF No. 250; (2) a two-page motion to seal medical records, AP-ECF No. 251; and (3) a two-page brief in support of the motion to seal, AP-ECF No. 252.  The

Response to the Order to Show Cause stated that E. Speer would not appear on October 11, 2016, because, "Ms. Speer is a frail 65-year old senior citizen with an extensive medical history and a nonparty to this case. She is unable to attend the proceedings in this case scheduled for 10/11/2016 for documented health reasons. A motion for leave to seal her medical records, which are confidential, is filed herewith."  AP-ECF No. 250.

E. Speer, as predicted, did not appear at the October 11th hearing.  The October 11th hearing also marked the third time witness's counsel appeared before the court without any admissible evidence supporting his claim that the court should not sanction his client E. Speer because she suffered from a medical condition or conditions justifying her non-appearance on multiple deposition dates.  Witness's counsel failed to even read the court's September Order to Show Cause or the affidavits of attorney's fees filed by Seaport's counsel.

| Court: | Do you check CM/ECF? |
|---|---|
| Fazzone: | Honestly, I haven't lately, no. |

AP-ECF No. 255 at 00:05:03 – 00:05:10.

| Court: | Have you reviewed the Order to Show Cause that I issued that led us to today's hearing? Have you read it? |
|---|---|
| Fazzone: | You mean what I filed? |
| Court: | No, my Order to Show Cause. |
| Fazzone: | No, I apologize. I haven't. This holiday weekend had me all messed up. I went out of town and then I had to swear in today. I am not as prepared. But no, I have not. |

AP-ECF No. 255 at 00:11:00 – 00:11:30.

Like the August 16th and September 15th hearings, witness's counsel sought to seal medical records without complying with D.Conn.L.Civ.R. 5(e) by providing copies to

Seaport's counsel.

The court provided witness's counsel yet another opportunity to file any affidavits supporting the admissibility of the medical records, if they were filed on or before October 18, 2016.  AP-ECF No. 261.  Rather than meet the October 18th deadline, witness's counsel filed a motion seeking a thirty (30) day extension, which the court denied.  AP-ECF No. 262, 271.

On November 15, 2016, the court issued a civil bench warrant (the "*Capias*") for E. Speer, ordering her appearance on December 2, 2016.  AP-ECF No. 278.  It is uncontested that E. Speer appeared on December 2, 2016 and Seaport conducted her deposition in a conference room adjacent to the courtroom.  It is apparent to the court that E. Speer's appearance was the direct result of communication she received from the United States Marshal Service regarding service of the *Capias*.  AP-ECF No. 590.

### *Sanction Motion Against Attorney Fazzone*

Shortly before the issuance of the *Capias*, Seaport filed its initial motion seeking the imposition of a sanction against witness's counsel for his role in impeding and delaying the deposition of E. Speer.  AP-ECF No. 277.  In particular, Seaport alleged witness's counsel frustrated and delayed E. Speer's deposition by his repeated failures on August 16, 2016, August 23, 2016, October 11, 2016, and October 18, 2016 to present evidence to substantiate the claim E. Speer could not attend either the July 14th or September 7th Depositions.  Importantly, Seaport alleged witness's counsel stated to the court he would provide certified medical records without having first verified the existence of such records.  AP-ECF No. 277, 305.

Seaport also alleged witness's counsel engaged in some undefined conspiracy

with Attorney Edward Bona[12] and Mara Dunn[13] to delay E. Speer's deposition by attempting to submit alleged medical records created by Mara Dunn. Without effectively addressing its relevance, Seaport alleged that witness's counsel had a connection with Attorney Edward Bona who had a connection with Mara Dunn who may have had a connection with E. Speer and Sheri Speer. AP-ECF Nos. 277, 305.

Witness's counsel objected claiming he did not delay the deposition because he had a valid basis for asserting E. Speer was medically unable to attend. AP-ECF No. 291. Following witness's counsel's response, Seaport amended its motion adding paragraphs 11-14 (the "Sanction Motion Against Fazzone"). AP-ECF No. 305. These paragraphs added an allegation that witness's counsel impeded E. Speer's deposition by seeking to quash the subpoena directed to People's Bank and by taking an appeal of the order denying the motion to quash. AP-ECF No. 305.

### *December 19, 2016 Hearing*

During the initial hearing on December 19, 2016 to consider the Sanction Motion Against Fazzone, Seaport offered testimony of three witnesses: Sydney Luther, a private investigator; Steven Tavares, a principal of Seaport; and witness's counsel.[14] The court admitted Seaport's exhibits 1-8, and 10-11. AP-ECF No. 321. Seaport also asked the

---

[12]    Attorney Edward Bona was local counsel and Attorney Fazzone's sponsoring attorney on his motion to appear *pro hac vice*. See, AP-ECF No. 163.

[13]    Mara Dunn was one of the alleged health care providers providing care to E. Speer. However, no medical evidence or documentation involving Mara Dunn was admitted during any of the hearings from August 16, 2016 through October 11, 2016. Prior to the October 11, 2016 hearing, Attorney Fazzone emailed to the court three (3) pages of medical records in connection with his motion to seal. See, AP-ECF No. 251. The three (3) pages included: (1) a one-page record from Backus Hospital indicating E. Speer was unable to work until October 15th; and (2) a two-page report dated October 10, 2016 created by Mara Dunn, an individual with a master's degree in social work. None of the three (3) pages were admitted as exhibits for the court's consideration because Attorney Fazzone failed to have a witness available to testify as to their authenticity and the records were not otherwise self-authenticating. AP-ECF No. 255 at 00:10:02 – 00:11:06; 00:13:45 – 00:18:26.

[14]    During the hearing on December 19, 2016, Attorney Fazzone testified that he considered Mara Dunn a friend.

14

court to take judicial notice of the documents filed as exhibits B – G, K, L and M to the Sanction Motion Against Fazzone, AP-ECF No. 305, pursuant to Fed.R.Evid. 201. The court now takes judicial notice of the documents as requested but, as more discussed later in this decision, finds they are of little relevance and affords them little weight.

Seaport requested the evidentiary record remain open in order to offer testimony from Mara Dunn and to offer further exhibits including a copy of E. Speer's deposition transcript. Additionally, because Seaport had amended its motion shortly before the hearing, witness's counsel was provided an opportunity to respond to Seaport's additional allegations as set forth in paragraphs 11-14. The court continued the hearing to January 17, 2017[15] but warned witness's counsel – who brought no evidence in opposition to the Sanction Motion Against Fazzone – that "[i]f you are intending to present evidence in defense of this motion, the day and time you are going to have to do that is January 17. I am not going to extend it with the sole exception being for weather. If the court is closed for a snowstorm then it is closed and we will come up with another day." AP-ECF No. 317 at 00:54:40 – 00:55:10.

Following the December 19, 2016 hearing, on January 4, 2017, witness's counsel filed two objections: (1) an objection filed as AP-ECF No. 330, which was a duplicate of his original objection to the initial motion for sanctions, and (2) an objection to the amended motion for sanctions filed as AP-ECF No. 331. In both objections, witness's counsel asserted he did not impede E. Speer's deposition because he tried to offer medical records substantiating her medical condition – which he asserted could have

---

[15]    *See also*, Scheduling Order continuing the evidentiary hearing to January 17, 2017. AP-ECF No. 324

been accepted by the court without the need for authentication by a witness or affidavit.[16]
AP-ECF Nos. 330, 331.

## Fazzone's Conflict of Interest With E. Speer
### January 19, 2017 Hearing

The evidentiary hearing on January 17, 2017 did not proceed.[17]  Prior to the start of any evidence, the court *sua sponte* questioned witness's counsel whether an actual conflict of interest existed because any successful defense of the Sanction Motion Against E. Speer may have the effect of causing witness's counsel pecuniary harm and, conversely, any successful defense of witness's counsel may have the effect of causing E. Speer pecuniary harm.  Incredibly, witness's counsel claimed he was unaware that Seaport was seeking sanctions against E. Speer in addition to himself.  AP-ECF No. 336 at 00:04:00 – 00:06:30.  Witness's counsel admitted he had not disclosed to E. Speer that there may be or was a conflict of interest related to Seaport's motions.  AP-ECF No. 336 at 00:20:34 – 00:20:44, 00:30:00-00:31:50.  The court continued the hearing to February 24, 2017 to address the conflict of interest and whether witness's counsel should be disqualified from representing E. Speer.  AP-ECF No. 339.

Following the January 17th hearing, Seaport clarified it was seeking $15,618.94 in

---

[16]    Attorney Fazzone relied on the Second Circuit case of *Rodriquez v. Village Green Realty, Inc.*, 788 F.3d 31 (2d Cir. 2015) in support of the argument that medical records do not need a witness for authentication. The *Village Green Realty* case is distinguishable to the facts of this case. In that case, the Second Circuit noted the records were produced by the medical providers themselves and that other evidence in the record of the case supported admissibility. *Village Green Realty, Inc.*, 788 F.3d at 47. Here, the medical records were not produced by the providers themselves, rather Attorney Fazzone stated he received them from his client – whom he never personally met with until approximately November 2016. See, AP-ECF No. 473, p. 39, L. 5-19; p. 46, L. 15-23; p. 54, L. 12-24. Thus, it is unclear where the medical records originated from in this case. See, AP-ECF No. 473, p. 60, L. 4-6 (Q: Well, did you provide medical records to Mr. Fazzone so that he could provide those to the Court? A: After a few – not every time."). Additionally, many of the records were computer generated documents with illegible signatures and thus lacking the type of characteristics of authenticity described by the Second Circuit in the *Village Green Realty* case.

[17]    Attorney Fazzone appeared during the January 17, 2017 without any witnesses available to testify in defense to the Sanction Motion Against Fazzone.  AP-ECF No. 336 at 00:35:00 – 00:35:20.

fees and $381.44 in costs against E. Speer and $20,800 in fees and $382.89 in costs against witness's counsel.  AP-ECF Nos. 341, 343. [18]

### *Fazzone Withdraws as Counsel to E. Speer*

On February 6, 2017, witness's counsel moved to withdraw as counsel for E. Speer, but the withdrawal was denied due to his failure to comply with D.Conn.L.Civ.P. 7(e) requiring actual notice be sent to his client.  *See*, AP-ECF Nos. 345, 347.  During the hearing on February 24, 2017, E. Speer personally appeared and requested a continuance to allow her time to obtain new counsel.  Witness's counsel appeared with his own counsel, Attorney William McCoy,[19] and indicated he would be filing an amended motion to withdraw as counsel to E. Speer.  Thereafter, on April 6, 2017, the court granted Attorney Fazzone's amended motion to withdraw as counsel to E. Speer.  *See*, AP-ECF No. 356, 376.

### *August 1, 2017 Evidentiary Hearing*

After a hearing on April 5, 2017 and another series of continuances, an evidentiary hearing to consider the E. Speer and Fazzone Motions for Sanctions was held on August 1, 2017.  During the hearing, E. Speer and witness's counsel testified.[20] Their testimony was consistent on the following points:

- E. Speer never entered into any written agreement with Attorney Fazzone regarding his representation of her in this case, or otherwise.

- E. Speer never paid Attorney Fazzone and had no knowledge of what he was paid

---

[18]    On March 29, 2018, during the time E. Speer was proceeding as a *pro se* litigant, the court granted Seaport's Sanction Motion Against E. Speer and ordered E. Speer to pay a total of $1,250.00 to Seaport's counsel.  AP-ECF No. 590.

[19]    *See*, Notices of Appearance and Requests for Notice.  AP-ECF Nos. 353, 355.

[20]    The court admitted Seaport's exhibits 2-5 including Ex. 2 – Page 34 of E. Speer's deposition transcript, Ex. 3 – Pages 36-37 of E. Speer's deposition transcript, Ex. 4 – A copy of ECF No. 253, the email with Mara Dunn's letter, and Ex. 5 – A certified copy from the State of Connecticut Department of Public Health. The court also admitted as respondent's exhibit A, redacted medical records from E. Speer which the court sealed.

17

for representing her.

- E. Speer's daughter, Sheri Speer, arranged for and paid Attorney Fazzone to represent E. Speer.

Testimony of E. Speer, AP-ECF No. 473, p. 20, L. 4-18; p. 38, L. 3-14; p. 68, L. 12-25; p. 69, L. 1-17; Testimony of Attorney Fazzone, AP-ECF No. 473, p. 96, L. 17-19; p. 137, L. 2-3; p. 150, L. 21-23; p. 153, L. 17-24.

Additionally, both agreed their first encounter was at some point in early July 2016, when Sheri Speer stopped her vehicle, in which E. Speer was a passenger, outside of the Connecticut Superior Court in Norwich, Connecticut and briefly conversed with witness's counsel. Other than that passing introduction, E. Speer and witness's counsel did not meet personally until approximately November 2016. *See*, Testimony of E. Speer, AP-ECF No. 473, p. 39, L. 5-19; p. 46, L. 15-23; p. 54, L. 12-24; Testimony of Attorney Fazzone, AP-ECF No. 473, p. 151, L. 11-24, p. 152, L. 12-14, p. 155, L. 20-24, p. 156, L. 12-22, p. 157, L. 5-15, p. 158, L. 18-24.

Attorney Fazzone testified he did not verify E. Speer's medical condition prior to making representations to the court and Seaport's counsel regarding her unavailability, but rather, simply took her word that she was unable to attend the deposition. AP-ECF No. 473, p. 159, L. 12-22.

Court:       Why did you make those representations to the court without investigating the bona fides of those representations when it sounds like you weren't even really getting paid to appear and to represent Ms. Speer? You didn't have a personal relationship with Elissa Speer. You didn't have much of a professional relationship with her, because you had not really met her other than when she was driving by in a car one time. But in August and September, you made numerous representations to the court based on phone calls; is that what you're saying?

Fazzone:    Yes.
AP-ECF No. 473, p. 160, L. 4-14.

Additionally, witness's counsel admitted he did not verify whether certified medical

records existed prior to filing the September 6th Statement which promised certified medical records would be submitted to the court. AP-ECF No. 473, p. 94, L. 18-23. He also testified he never took any steps to request E. Speer's medical records directly from her medical providers. AP-ECF No. 473, p. 5-7.

Troublingly, during the August 1, 2017 hearing Attorney Fazzone revealed he shared his CM/ECF username and password with among others, his ex-paralegal and ex-wife Holly Fazzone, Sheri Speer, and Sheri Speer's paralegal, Frank Lira. AP-ECF No. 473, p. 121, L. 8-13; p. 144, L. 12-14; L. 15-25; p. 145, L. 21-24; p. 146, L. 3-18.[21] Attorney Fazzone also acknowledged he never physically drafted or electronically filed any of the documents submitted to the court, but allowed those tasks to be done by Frank Lira.[22] AP-ECF No. 473, p. 127, L. 1 – 24; p. 137, L. 17-25; p. 138, L. 1; p.157, L. 20 – 25, p.158, L. 1-3.

None of the evidence presented on August 1, 2017 supported the conclusion that that E. Speer failed to attend either the July 14th Deposition or the September 7th Deposition due to a medical condition. E. Speer appeared in court on December 2, 2016, in response to the *Capias* and was deposed the same day. She was able to participate in a full day of legal proceedings at that time.[23] No medical evidence was submitted that established she would not have been similarly able to comply with the subpoena at any time between July 14, 2016 and the December 2, 2016 hearing.

The court heard closing arguments regarding the E. Speer and Fazzone Motions

---

[21] Following Attorney Fazzone's testimony that he provided his CM/ECF username and password to Sheri Speer and Frank Lira, neither of whom were authorized to use the CM/ECF system to file documents, the court suspended his CM/ECF filing privileges.
[22] Attorney Fazzone stated he did not retain Frank Lira or employ him. AP-ECF No. 473, p. 122-124.
[23] E. Speer did not require the use of any visible medical device to appear in court on December 2, 2016, other than a neck brace she wore in the morning but removed by the end of the day when the court held a continuation of the hearing to confirm the deposition had been completed.

19

for Sanctions on August 23, 2017.

On March 29, 2018, the court held E. Speer in contempt and ordered her to pay a total of $1,250.00 to Seaport's counsel.  AP-ECF No. 590.

## IV.    APPLICABLE LAW

In support of its request for sanctions against witness's counsel, Seaport relies on Fed.R.Civ.P. 30(d)(2), Fed.R.Bankr.P. 7002, 7037, and 9020, and 11 U.S.C. § 105(a).[24] After review, only Fed.R.CivP. 30(d)(2) and 11 U.S.C. § 105(a) are relevant for discussion and provide a basis for sanctions against witness's counsel. [25]

### *Fed.R.Civ.P. 30(d)(2)*

Federal Rule of Bankruptcy Procedure 7030 makes Fed.R.Civ.P. 30(d)(2) applicable in adversary proceedings.  Federal Rule 30(d)(2) provides, in relevant part:

> (2) Sanctions
> The court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent.
> Fed.R.Civ.P. 30(d)(2).

---

[24]    Seaport did not seek sanctions pursuant to 28 U.S.C. § 1927 (allowing sanctions against an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously") or Fed.R.Bankr.P. 9011 and Fed.R.Civ.P. 11 (imposing a duty on attorneys to certify by their signature that any written motion or other paper filed with the court is not being presented for any improper purpose").

[25]    Federal Rules of Bankruptcy Procedure 7002 and 9020 address how certain rules or motions are handled or treated; neither provides an independent basis for sanctions.  Additionally, Fed.R.Bankr.P. 7037 which makes Fed.R.Civ.P. 37 applicable to adversary proceedings does not apply here because these events stem from a nonparty witness – E. Speer's – failure to comply with a subpoena.  *See*, *Hynes as Trustee of Calling Card Distr. Trust v. Giambalvo*, No. 09 CV 2599, 2010 WL 11626956, at *1 (E.D.N.Y. Aug. 13, 2010) (denying motion for sanctions against a nonparty deponent for fees and costs associated with a deposition that he failed to attend, noting that because he was a "non-party witness, Rule 45 applied, not Rule 37"); *see also, Safeco Ins. Co. of America v. M.E.S., Inc.*, No. 09 CV 3312, 2016 WL 5477585, at *4 (E.D.N.Y. Sept. 29, 2016) (holding that Federal Rule of Civil Procedure 37 "does not authorize the Court to impose sanctions upon any of the non-parties"); *Cruz v. Meachum*, 159 F.R.D. 366, 368 (D. Conn. 1994) (denying a motion for Rule 37 sanctions where the nonparty witness failed to appear for a deposition on the basis that "Rule 37 by its terms applies only to a motion to compel production from a *party* ....") (*emphasis in original*); *General Ins. Co. of America v. Eastern Consolidated Utils*, 126 F.3d 215, 220 (3d Cir. 1997)("On its face, [] Rule 37(b)(2) applies only to parties, and we have found no case that has applied Rule 37(b)(2) to a nonparty.").  Seaport's counsel failed to provide any authority to the contrary demonstrating that Rule 37 sanctions are available against a non-party's counsel.

20

Fed.R.Civ.P. 30(d)(2) "does not require a clear showing of bad faith." *Chawla v. Metro. Oral Surgery Associates, P.C.*, 11-CV-6248 RRM VMS, 2014 WL 4678023, at *7 (E.D.N.Y. Sept. 19, 2014)(*citing Applebaum v. Nat'l Westminster Bank*, No. 7 Civ. 916(DLI)(MDG), 2011 WL 8771843, at *6 (E.D.N.Y. Oct. 5, 2011); *See also, Edwards v. Wilkie*, 16CV8031LTSOTW, 2019 WL 5957171, at *2 (S.D.N.Y. Nov. 13, 2019)("An award of sanctions under 28 U.S.C. § 1927 differs from an award under Rule 30(d)(2), however, because sanctions under § 1927 require[ ] a clear showing of bad faith."). "The Court has discretion when deciding whether to impose sanctions on the basis of Rule 30(d)(2)." *Dhir v. Peters-Hamlin*, 3:19-CV-179 (VLB), 2020 WL 486879, at *1 (D. Conn. Jan. 30, 2020).

To award sanctions under Rule 30(d)(2), a court must find the movant met its burden "of showing that the deposition was impeded, delayed or frustrated in any material sense." *Chawla v. Metropolitan Oral Surgery Associates, P.C.*, No. 11 CV 6248, 2014 WL 4678023 (E.D.N.Y. Sep. 19, 2014)(awarding sanctions to the deponent's attorney who abruptly terminated the deposition in violation of the court's prior scheduling order). The Advisory Committee Notes to Rule 30 explain that this sanction "may be imposed on [] non-party witnesses as well as a party or attorney." *See, Schmidt v. Stone*, 14CV2519RJDCLP, 2019 WL 3253953, at *5–6 (E.D.N.Y. July 18, 2019)(*citing* Advisory Committee Notes to 1993 Amendments).

Although Rule 30(d)(2) is commonly cited in support of sanctions for conduct that occurs during a deposition, courts have also relied on this provision to issue monetary sanctions for expenses incurred as a result of a non-appearance of a deposition. *Ochoa v. City of Oceanside*, Docket No. 3:15-cv-00568-LAB-NLS, 2016 U.S. Dist. LEXIS 132569, at *6-7 (S.D. Cal. Sep. 27, 2016)(sanctions in the form of reimbursement of expenses incurred from cancelled deposition awarded); *Zhi Yang Zhou v. David*, 2012

U.S. Dist. LEXIS 37622, *4-5 (N.D. Cal. Mar. 20, 2012) (imposing monetary sanctions against the deponent's counsel under Rule 30(d)(2) for his failure to appear at scheduled depositions, and requiring payment to defendants for defense counsel's time, for the court reporter and interpreter expenses, and for counsel's time incurred in bringing the motion for sanctions); *BoomJ.com v. Pursglove*, 2011 U.S. Dist. LEXIS 39169, *5-6 (D. Nev. Apr. 1, 2011) (citing Rule 30 and ordering plaintiff to pay reimbursement of reasonable costs, including court reporter and cancellation fees, related to the cancelled deposition of the plaintiff's CEO and agent).

## *11 U.S.C. § 105(a)*

Section 105(a) permits a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a). And, while a court has "broad authority [] to take any action that is necessary or appropriate 'to prevent an abuse of process,'" *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375 (2007), it "may not contravene specific statutory provisions."  *Law v. Siegel*, 571 U.S. 415, 421 (2014)("a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere"); *see also Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988)("whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code").

The Second Circuit has held that "bankruptcy courts, like Article III courts, possess inherent sanctioning powers" including the power to impose "sanctions on attorneys appearing before the court in appropriate circumstances."  *In re Sanchez*, 941 F.3d 625, 628 (2d Cir. 2019).  "[I]nherent-power sanctions are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes. Conduct is entirely without color when it lacks any legal or factual

basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the attorney whose conduct is at issue." *Wolters Kluwer Fin. Services, Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009)(internal citations omitted). "A court may infer bad faith when a party undertakes frivolous actions that are completely without merit." *Huebner v. Midland Credit Mgt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018), *cert. denied sub nom. Huebner v. Midland Credit Mgt.*, 139 S. Ct. 1282 (2019)(*citing In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 116 (2d Cir. 2000).

## V.    **DISCUSSION**

### a.  **Sanctions Pursuant to Fed.R.Civ.P. 30(d)(2)**

I conclude that Seaport met its burden to show by a preponderance of the evidence that the deposition of E. Speer was impeded, delayed or frustrated in a material sense by the conduct of witness's counsel.  This conclusion is supported by the clear record of multiple hearings before the court, the filings by witness's counsel, and, his own admissions along the way that he failed to consult with his client, failed to seek medical records, and, failed to prepare for hearings by familiarizing himself with the record of the case and the applicable federal rules.  But for witness's counsel's conduct – reviewed in more depth below – the deposition of E. Speer would have occurred months earlier, without the necessity of the issuance of the *Capias* or the involvement of the United States Marshal Service, and, without the requirement that Seaport pay attorneys' fees and costs to secure her appearance pursuant to a subpoena.

At the very beginning of his representation of E. Speer, witness's counsel made affirmative agreements with counsel for Seaport and representations to the court – in order to resolve disputed matters being heard in court – that E. Speer would appear for a deposition without having ever met or spoken to her, and without bothering to confirm

with her that she would appear.  This original failing was compounded when witness's counsel made representations during hearings and in pleadings filed with the court – without a reasonable, factual basis to do so – that either certified medical records or an affidavit with medical records would be submitted to support the argument that E. Speer had a medical reason for failing to appear to be deposed on July 14, 2016.  *See*, ECF Nos. 202 and 223.  As revealed by his statements in several hearings, and his testimony, he made these representations without verifying the existence of medical records and without a good faith basis.[26]  AP-ECF No. 473, p. 94, L. 18-23.

Second, in opposition to the Sanction Motion Against E. Speer, including the request for a *capias*, witness's counsel appeared at hearings on August 16, September 15, and October 11, 2016, without a witness to authenticate medical records, or any other reasonable prospect that the documents he proffered would be admitted.  That he appeared so many times without having adequately prepared demonstrates, in addition to a lack of diligence and competence, a flagrant disregard for the costs incurred by Seaport to secure compliance with the subpoena.  From the serial court appearances undertaken without even minimal preparation – and undertaken at great peril to the client E. Speer – the court can only conclude witness's counsel's efforts were not part of a legitimate effort to present relevant facts to the court relating to E. Speer or her medical status, or her ability or inability to participate in a deposition.  Instead, witness's counsel's only purpose appears to have been to avoid the deposition without justification.

---

[26]    While Seaport's motion does not seek sanctions under Fed.R.Bankr.P. 9011, I am troubled by representations by Attorney Fazzone that were not formed after reasonable inquiry and lacked factual support.  An attorney "whether by signing, filing, submitting, or later advocating" a written motion, or other paper, "is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "the allegations and other factual contentions have evidentiary support." Fed.R.Bankr.P.  9011.

Third, witness's counsel failed to comply with the court's order issued during the August 16, 2016 hearing to file a notice of E. Speer's availability and to file admissible evidence. Witness's counsel repeatedly stated he believed that his client had a medical basis not to attend the deposition. But the record here shows there was no factual basis for such a belief. Even if I accepted this statement as true – which I do not – witness's counsel's belief does not preclude sanctions because a showing of bad faith is not required under Rule 30(d).[27]

Witness's counsel's repeated misrepresentations regarding E. Speer's medical record – after failing to develop it – and his failure to present admissible evidence excusing E. Speer's appearance at a deposition delayed the issuance of the *Capias* and the completion of the deposition. In other words, without witness's counsel's conduct before the court in numerous hearings, the time incurred by Seaport's counsel during and after the August 16, 2016 hearing, through and including the issuance on November 15, 2016 of the *Capias,* would have been unnecessary.

In defense, witness's counsel argued that sanctions under Rule 30(d) are not appropriate since Seaport was not prevented from completing the deposition, relying on *Phillips v. Manufacturers Hanover Tr. Co.,* 92 CIV. 8527 (KTD), 1994 WL 116078, at *4 (S.D.N.Y. Mar. 29, 1994) and *Synventive Molding Sols., Inc. v. Husky Injection Molding Sys., Inc.*, 262 F.R.D. 365, 375 (D. Vt. 2009).[28] Both cases involved counsel whose conduct during a deposition consisted of voicing numerous, baseless objections which

---

[27]    *See, Edwards v. Wilkie*, 16CV8031LTSOTW, 2019 WL 5957171, at *2 (S.D.N.Y. Nov. 13, 2019)("An award of sanctions under 28 U.S.C. § 1927 differs from an award under Rule 30(d)(2), however, because sanctions under § 1927 require[ ] a clear showing of bad faith.").

[28]    Attorney Fazzone also cited a third case: *Sicurelli v. Jeneric/Pentron, Inc.*, 03 CV 4934 (SLT)(KAM), 2005 WL 3591701, at *6 (E.D.N.Y. Dec. 30, 2005), report and recommendation adopted, 03CV4934 SLT KAM, 2006 WL 681212 (E.D.N.Y. Mar. 14, 2006), but misstated its holding. The court in *Sicurelli* found that the conduct did not rise to the level of bad faith required for purposes of 28 U.S.C. § 1927 but it did frustrate the fair conduct of the deposition and thus sanctions were awarded pursuant to Rule 30(d).

the courts characterized as obstructionist and obnoxious. Despite this characterization, both courts declined to award sanctions since opposing counsel was able to complete the deposition. The case here is different. Here, as Seaport argues, the sanctionable conduct occurred not during a deposition but prior to it. Here, Attorney Fazzone's conduct in the hearings and his statements in pleadings he filed with the court frustrated Seaport's efforts to obtain a *capias* for E. Speer's deposition by either promising her appearance at a deposition on various dates, or, promising to present certified medical records substantiating a basis for her non-appearance. Attorney Fazzone represented each course of action was imminent numerous times – to Seaport's counsel and to the court – without having any reasonable basis in fact to support the assertion.

Attorney Fazzone's argument that sanctions under Rule 30(d) are inappropriate because Seaport was ultimately able to conduct E. Speer's deposition is unpersuasive under these facts. E. Speer was deposed only after the issuance of the *Capias* and contact from the United States Marshal Service to E. Speer directly. The completion of E. Speer's deposition cannot remedy or purify the attorney's record of unsupportable misrepresentations. Accordingly, I conclude Seaport established each prerequisite for the imposition of a sanction pursuant to Fed.R.Civ.P. 30(d)(2).[29]

---

[29]    Seaport also cited Attorney Fazzone's filing of a motion to quash a subpoena directed to People's Bank as a basis for sanctions. I am unpersuaded that any of Attorney Fazzone's conduct related to the motion to quash delayed or frustrated the deposition of E. Speer; and therefore, sanctions are inappropriate under Rule 30(d). I am further unpersuaded that Seaport has articulated or cited any basis for sanctions related to the conduct involving the motion to quash.

### b.  Sanctions Pursuant to Court's Inherent Authority

Even if sanctions were not appropriate pursuant to Rule 30(d), I conclude that a sanction against Attorney Fazzone would be warranted here under the court's inherent authority to sanction parties before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons.  Here, witness's counsel made representations lacking a factual basis and without a reasonable belief formed after diligent inquiry.  Additionally, despite clear instructions – and more than a fair opportunity – witness's counsel repeatedly failed to comply with the rules of procedure, failed to diligently inquire regarding relevant facts, and, failed to prepare for court hearings by reading court orders or reviewing the applicable federal rules.  As the record from the hearings held in 2016 demonstrates, witness's counsel's frivolous conduct of filing documents either without a legal basis or without following proper procedure needlessly multiplied the proceedings and delayed the conduct of E. Speer's deposition.  While I might reach a different conclusion if such conduct represented an isolated incident, that is not the record of this case.  Here, witness's counsel's conduct was repeated, perpetual, and without excuse.  This level of conduct satisfies the requirements for an inference of bad faith.  Accordingly, I conclude sanctions are warranted against Attorney Fazzone pursuant to the court's inherent authority.

### c.  Seaport's Conspiracy Theory

During the hearing to consider the Sanction Motion Against Fazzone, Seaport expended substantial time and resources attempting to present evidence to support a theory that witness's counsel delayed E. Speer's deposition due to some connection between witness's counsel, Attorney Edward Bona, Mara Dunn, and defendant Sheri Speer.  Seaport requested I take judicial notice of a series of documents filed in various

27

matters in Connecticut state court and I did so.  *See,* Sanction Motion Against Fazzone, AP-ECF No. 305, Exhibits B – G, K, L and M; *see also,* Fed.R.Evid. 201.  However, I find these documents irrelevant and unpersuasive for purposes of imposing sanctions.  In particular, exhibit B to AP-ECF No. 305 consists of 27 pages demonstrating at most that witness's counsel represented Attorney Bona in a variety of cases filed by Seaport against Sheri Speer.  AP-ECF No. 305.  Exhibit C to AP-ECF No. 305 consists of state court criminal records relating to Mara Dunn.  As previously mentioned, witness's counsel never admitted for the court's consideration any medical records created by Mara Dunn so I find no relevance to these documents at all.  Exhibit D to AP-ECF No. 305 consists of state court records for a completely unrelated lawsuit filed by Mara Dunn, in which Attorney Bona filed an appearance for her.  Again, at most, this exhibit shows that Attorney Bona, in August 2016, knew who Mara Dunn was.  Exhibit E to AP-ECF No. 305 consists of six pages showing that Mara Dunn may have served as a process server for notices to quit issued by Attorney Bona on behalf of his clients, E. Speer and Sheri Speer.  Again, while Seaport's exhibit illustrates there is a connection, the relevance to the present dispute is absent.  I have reviewed and considered the remaining exhibits F, G, K, L, and M to AP-ECF No. 305 and conclude they also lack relevance to the current dispute regarding sanctions.  None of these exhibits show more than a simple connection between these individuals.  None of the evidence – whether considered in isolation or in the aggregate – established the existence of an agreement or conspiracy to frustrate or delay E. Speer's deposition, and so I conclude sanctions are not warranted pursuant to Fed.R.Civ.P. 30(d)(2) or 11 U.S.C. § 105(a) on this basis.

### d.  D.Conn.L.Civ.R. 37's Meet and Confer Requirement

In defense, witness's counsel argued a sanction could not be imposed against him

here because Seaport's counsel failed to file an affidavit certifying compliance with

D.Conn.L.Civ.R. 37.  Local Rule 37 provides, in pertinent part, that

> No motion pursuant to Rules 26 through 37, Fed.R.Civ.P. shall be filed
> unless counsel making the motion has conferred, in person or by telephone,
> with opposing counsel and discussed the discovery issues between them
> in detail in a good faith effort to eliminate or reduce the area of controversy,
> and to arrive at a mutually satisfactory resolution.
> D.Conn.L.Civ.R. 37.

While courts have denied motions for sanctions for failing to follow the meet and confer

requirements, I decline to do so here because I conclude that a meet and confer would

have been futile.  *Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties*, 2017 U.S. Dist.

LEXIS 151116, at *6-7 (S.D.N.Y. Sep. 18, 2017)(court addressed the merits of a motion

pursuant to Rule and waived the meet and confer requirement where party had had three

opportunities to respond to discovery and failed to do so); *Gibbons v. Smith*, 01 Civ. 1224

(LAP), 2010 U.S. Dist. LEXIS 13938, 2010 WL 582354 at *2 (S.D.N.Y. Feb. 11, 2010)

(relief from the meet-and-confer requirement is warranted where any attempt to resolve

the dispute informally would have been futile); *Excess Ins. Co., Ltd. v. Rochdale Ins. Co.*,

05 Civ. 10174, 2007 U.S. Dist. LEXIS 74193, 2007 WL 2900217 at *1 (S.D.N.Y. Oct. 4,

2007) (Courts have excused a failure to meet and confer in situations where to do so

would be clearly futile, or exigent time constraints mandate immediate action.); *Time Inc.

v. Simpson*, 02 Civ. 4917 (MBM)(JCF), 2002 U.S. Dist. LEXIS 24335, 2002 WL 31844914

at *2 (S.D.N.Y. Dec. 18, 2002)(excusing failure to meet and confer where ordering the

parties to meet and confer at this point would only further delay resolving these issues on

the merits).

## VI.    Amount of Sanctions – Seaport's Attorney's Fees

Seaport seeks reimbursement of $20,800 for attorney's fees and $382.89 in costs,

to be paid by witness's counsel.  AP-ECF No. 343.  The amount of time sought is excessive and not all attributable to the delay caused by witness's counsel.

First, Seaport has not met its burden of persuasion to show the time spent related to the motion to quash the People's Bank subpoena should be awarded as sanctions.  As noted, Seaport did not establish that this time either should be awarded as a sanction for delaying and frustrating E. Speer's deposition under Rule 30(d) or cite any other basis for a sanction of this time.  Accordingly, the time entries for July 7, 8, 12, 13, and 27, 2016 totaling $2,500.00 are excluded.

Second, Seaport failed to show witness's counsel's agreement that E. Speer would appear for the July 14, 2016 deposition was false when made.  Witness's counsel's sanctionable conduct first arose by his filing on August 4, 2016, in which he stated that "an affidavit in support of this objection" and "medical documentation" would be submitted at a hearing.  Witness's counsel admitted during numerous hearings he had not spoken to E. Speer to verify her medical condition prior to making these representations, and he ultimately testified he made these representations without verifying E. Speer's medical condition or the existence of the medical records.  It was not revealed until the August 16, 2016 hearing that witness's counsel would fail to fulfill the promises in his August 4th filing. It is at that point – on August 16, 2016 – that witness's counsel's conduct delayed and frustrated the deposition of E. Speer and the clock on the time incurred unnecessarily by Seaport started to run.  Prior to August 16, 2016, witness's counsel could have avoided sanctions by appearing at the hearing with admissible evidence substantiating a medical basis for E. Speer's failure to appear at the July 14th Deposition.  Accordingly, the time entries up to the August 16, 2016, totaling $1,450.00 are excluded, as not being incurred as a result of witness's counsel's dilatory conduct.

Third, as I found Seaport's argument unpersuasive regarding a conspiracy, I decline to award as a sanction time incurred pursuing that argument.  Accordingly, the time entries for October 12, 13, 14, 17, and 24, 2016 and December 1, 2016 related to investigating Mara Dunn and her qualifications and the costs of Mara Dunn's police report ($35.50) and a marshal service fee ($152.95) for Mara Dunn, totaling $3,263.45 are excluded.

Fourth, since the sanction is imposed pursuant to Rule 30(d)(2) for frustration of E. Speer's deposition, I find fees and costs incurred after E. Speer's deposition was conducted are not reasonable as a sanction.  Accordingly, the time entries from December 3, 2016 through January 19, 2017, totaling $3,700.00 are excluded.

Additionally, only fees and costs that are attributable to witness's counsel's sanctionable conduct – *i.e.*, where he impeded the deposition – are appropriately included.  For instance, fees incurred drafting subpoenas to third parties is not attributable to witness's counsel's conduct.  Seaport did not show such discovery was only necessary because of the delay and that the discovery would not otherwise have been taken if E. Speer's deposition had been conducted sooner.  Thus, the November 16, 17, and 18, 2016 time entries, totaling $525.00 are excluded.

Excluding the above items from the $20,800 requested leaves $9,595.00 in attorney's fees.  In addition to these reductions, I will reduce the attorneys' fees by thirty (30%) percent to account for what appears to be an excessive amount of time incurred on email and telephone communications among Seaport's own counsel and travel to and from the Court in New Haven.  *See*, *In re Nicholas*, 496 B.R. 69, 76 (Bankr. E.D.N.Y. 2011)("If a court determines some of the time claimed by a party should be excluded, it may also use a percentage 'deduction as a practical means of trimming fat from a fee

31

application.'")(*citing Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir.1998). Applying this thirty (30%) percent reduction, I find the amount of the attorneys' fee request should be reduced by $2,878.50, to $6,716.50.[30]

## VII.   CONCLUSION

Because the record supports a conclusion that Attorney Fazzone impeded, delayed or frustrated in a material sense Seaport's deposition of E. Speer – including through his repeated court appearances for which he admittedly failed to prepare and during which he made unsupportable representations about evidence he intended to present – I conclude that a sanction is appropriate pursuant to Rule 30(d)(2) and the court's inherent authority.  I further conclude a sanction in the amount of $6,716.50 for attorney's fees and $213.44 for costs is warranted, for the reasons discussed above.

This is a final order subject to traditional rights of appeal, with a fourteen (14) day appeal period.  *See*, Fed.R.Bankr.P. 8001, et seq., Fed.R.Bankr.P. 8002(a)(1);  *Ritzen Grp., Inc. v. Jackson Masonry, LLC*,  140 U.S. 582, 205 L.Ed.2d 419, 2020 U.S. LEXIS 5262020, 2020 WL 201023 (Jan. 14, 2020).

*[The balance of this page is intentionally blank.]*

---

[30]      $9,595.00 x 30% = $2,878.50; $9,595.00 - $2,878.50 = $6,716.50.

I have considered all other arguments by Seaport and Attorney Fazzone and find them unpersuasive.

ACCORDINGLY, it is hereby

**ORDERED**: That, Vincent Fazzone shall pay $6,929.94 to Seaport's counsel, Donna Skaats, Esq., on or before October 1, 2020,[31] as a sanction.

Dated this 1st day of April, 2020, at New Haven, Connecticut.



Ann M. Nevins
United States Bankruptcy Judge
District of Connecticut

---

[31] Due to the present COVID-19 world pandemic, this date is set subject to the possibility of adjustment for cause shown, should Attorney Fazzone seek such adjustment by filing a motion to modify the compliance date. Further, to the extent Attorney Fazzone seeks modification to the amount of this monetary sanction due to COVID-19 or for other cause through a motion, the court will consider any appropriate relief from the Order.